**NOT FOR PUBLICATION**

FILED

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WEIRD SCIENCE, LLC; WILLIAM ANDERSON WITTEKIND, derivatively on behalf of Renovaro Biosciences, Inc.,

Plaintiffs - Appellants,

v.

RENE SINDLEV; MARK DYBUL; GREGG ALTON; JAMES SAPIRSTEIN; JAYNE MCNICOL; HENRIK GRONFELDT SORENSEN; PASECO APS; OLE ABILDGAARD; KARSTEN REE HOLDING I APS; KARSTEN REE HOLDING B APS; KARSTEN REE; PO-MA INVEST APS; TBC INVEST AS; TORBEN BJORN CHRISTENSEN; K&L GATES, LLP; CLAYTON E. PARKER; LINCOLN PARK CAPITAL FUND, LLC; RS GROUP APS; RS BIO APS; RENOVARO, INC.; CAROL L. BROSGART; AVRAM MILLER; KAREN BRINK; YALLA YALLA, LTD.; DOES, 1-10; CARL L. BROSGART,

Defendants - Appellees.

No. 24-7251

D.C. No.
2:24-cv-00645-HDV-MRW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Hernan Diego Vera, District Judge, Presiding

Argued and Submitted February 12, 2026
Pasadena, California

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Stockholders Weird Science, LLC (Weird Science) and William Anderson Wittekind (collectively with Weird Science, Plaintiffs) appeal from the district court's dismissal of their derivative complaint against Defendants-Appellees Renovaro Biosciences, Inc. (Renovaro), former Renovaro board members and officers (Renovaro Board), various Renovaro investors and holding companies, and Renovaro's outside legal counsel (collectively, Defendants) without leave to amend pursuant to Federal Rule of Civil Procedure 23.1 and Delaware law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review "district court determinations regarding the demand requirement for derivative actions . . . for abuse of discretion." *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008); *see also Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208 (9th Cir. 1980). "We review the denial of leave to amend a complaint for abuse of discretion, but review de novo the futility of amendment." *Schwartz v. Miller*, 153 F.4th 918, 926 (9th Cir. 2025).

1. The district court did not abuse its discretion in dismissing Plaintiffs' derivative action for failure to comply with the demand requirements of Federal Rule of Civil Procedure 23.1 and Delaware law.

Under Delaware law, a stockholder wanting to bring a derivative action on behalf of the corporation has two options: (1) make a pre-suit demand on the corporation's board of directors; or (2) plead particularized facts showing why demand would have been futile and is thus excused. *See Spiegel v. Buntrock*, 571 A.2d 767, 773–75 (Del. 1990); *see also* Del. Ch. Ct. R. 23.1; Fed. R. Civ. P. 23.1. A stockholder, however, may not do both. *See Spiegel*, 571 A.2d at 775; *see also Dahle v. Pope*, No. 2019-0136-SG, 2020 WL 504982, at *6 (Del. Ch. Jan. 31, 2020) (unpublished opinion) ("These options are mutually exclusive: a stockholder is not permitted to have his cake and litigate it, too." (footnote omitted)). But that is precisely what Plaintiffs did here. As the district court properly found—and Plaintiffs do not challenge on appeal—Plaintiffs made a pre-suit demand on the Renovaro Board on January 19, 2024. Despite having made their pre-suit demand, on January 23, 2024, Plaintiffs filed this derivative action alleging that demand on the Renovaro Board would be futile. And Plaintiffs again alleged demand futility in their first amended complaint. This is a clear violation of Delaware law. *See Spiegel*, 571 A.2d at 775; *see also* Del. Ch. Ct. R. 23.1; Fed. R. Civ. P. 23.1. Accordingly, the district court did not err in dismissing Plaintiffs' first amended complaint on these grounds.[1]

[1] While Plaintiffs pleaded demand futility in their first amended complaint, they argued on appeal that their derivative action survives dismissal because they pleaded wrongful refusal in the alternative. But Plaintiffs' first amended complaint

2. The district court also did not abuse its discretion in denying Plaintiffs leave to amend. Because filing a derivative action alleging demand futility after making a pre-suit demand is an incurable violation of Delaware law, the district court's dismissal without leave to amend was appropriate. *See Spiegel*, 571 A.2d at 773–75; *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (explaining that a district court may refuse to grant leave to amend when "amendment 'would be an exercise in futility'"—i.e., when "it is clear . . . that the complaint could not be saved by any amendment" (citations omitted)).

**AFFIRMED**.

is devoid of allegations of wrongful refusal. And in any event, Delaware law prohibits Plaintiffs from filing a derivative action alleging demand futility after making a pre-suit demand for corrective action. *See Spiegel*, 571 A.2d at 775.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

### Judgment

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

### Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

### Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)

**(1) Purpose**

**A. Panel Rehearing:**

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - The proceeding involves a question of exceptional importance; or

- The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**

- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
    - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** **Date**

*(use "*s/[typed name]*" to sign electronically-filed documents)*

| **COST TAXABLE** | **REQUESTED** *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| **TOTAL:** | | | | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*